CO-PROB12B
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

U.S.A. vs. ALMUNDO CRUZ SINGER                    DKT. NO. 1:20CR00386-1

## PETITION TO MODIFY CONDITIONS OF SUPERVISED RELEASE

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Almundo Cruz Singer, who was placed on supervision by the Honorable M. Christina Armijo, sitting in the United States District Court in Albuquerque, New Mexico, on September 16, 2015.  The defendant was sentenced to 75 months imprisonment and three years' supervised release for an offense of Involuntary Manslaughter, Crime in Indian Country 18 U.S.C. § 1153, in violation of 18 U.S.C. § 1112.  Supervision commenced on November 9, 2020, and is set to expire on November 8, 2023.  On December 9, 2020, jurisdiction of the defendant's case was transferred to the District of Colorado.  As noted in the judgment [Document 1-1], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Shortly after the defendant commenced supervised release, his parents came to Colorado from New Mexico to visit him.  During their travels, both contracted the Covid-19 virus.  In early January 2021, the defendant's mother passed away from her illness.  This was an emotionally difficult time for the defendant, exacerbated by his re-integration into society from a lengthy term of incarceration for a traumatic underlying offense.  To support the defendant and pursuant to his conditions of supervised release, he was enrolled in monthly drug testing and weekly dual diagnosis individual therapy sessions.  In addition, I met the defendant regularly, collaborated with his family and treatment provider, and provided him with employment resources.

Despite the support, supervision, and resources provided to the defendant over the past six months, he continues to struggle to gain stability and has incurred the following violations of supervised release.

The defendant failed to provide nine drug screens as directed by the probation officer, failed to attend treatment as directed on three occasions, submitted three drug screens which tested positive for marijuana, admitted to consuming alcohol over the past month, and failed to pay restitution in February and April 2021.

On May 6, 2021, the defendant reported to the Probation Office as directed and participated in a three-way conference with Supervisory Probation Officer Garret Pfalmer and I.  Due to conflict between the defendant and family members at his residence on record, in addition to the above noted instances of noncompliance,

I proposed to the defendant placement in the Residential Reentry Center (RRC) for enhanced support and structure.  The defendant was insistent he could comply with his court-ordered conditions and gain stability if provided an additional opportunity to reside independently in the community.  The defendant was granted the additional opportunity to come into compliance.

On May 16, 2021, I received information from the defendant, his family members, and law enforcement of escalating tensions in the home and problematic behaviors related to the defendant.  During a community contact with the defendant on May 21, 2021, the defendant admitted to consuming alcohol and ingesting marijuana.  He further noted he was no longer permitted to reside with his sister and was homeless.  I informed the defendant at his juncture, placement in the RRC would provide him with housing, as well as enhanced access to testing, treatment, and case management services.

On May 21, 2021, the defendant executed a form entitled, "Waiver of Hearing to Modify Conditions of Probation/Supervised Release or Extend Term of Supervision," which waives the right to a hearing and agrees to the proposed modification of the conditions of supervision.  Assistant U.S. Attorney J.D. Rowell was contacted and has no objection to the proposed modification.

### RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

Modification of the terms of supervised release to include the following special conditions:

> You must reside in a residential reentry center (RRC) for a period of up to 180 days, to commence upon release from confinement or upon the first available vacancy at an RRC and must observe the rules of that facility.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Katrina M. Devine*
 Katrina M. Devine
 Senior United States Probation Officer
 Place:   Denver
 Date:    May 24, 2021

*s/ Garret Pfalmer*
 Garret C. Pfalmer
 Supervisory United States Probation Officer
 Place:   Denver
 Date:    May 24, 2021