CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. ALMUNDO CRUZ SINGER                                     DKT. NO. 1:20CR00386-1

## SUPERSEDING PETITION DUE TO VIOLATIONS OF SUPERVISION

COMES NOW, Katrina M. Devine, Senior United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Almundo Cruz Singer, who was placed on supervision by the Honorable M. Christina Armijo, sitting in the United States District Court in Santa Fe, New Mexico, on September 16, 2015. The defendant was sentenced to 75 months imprisonment and three years' supervised release for an offense of Involuntary Manslaughter, Crime in Indian Country, in violation of 18 U.S.C. §§ 1112(a) and (b), and 18 U.S.C. § 1153(a). Supervision commenced on November 9, 2020, and is set to expire on November 8, 2023. Jurisdiction of the case was transferred from the District of New Mexico to the District of Colorado on December 8, 2020. As noted in the judgment [Document 1-1], the Court ordered mandatory, special and standard conditions of supervision. Additionally, the defendant's conditions of supervised release were modified on May 25, 2021, adding a special condition for Residential Reentry Center (RRC) placement. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATIONS ALLEGED:**

1. **FAILURE TO RESIDE IN/COMPLY WITH RULES OF RESIDENTIAL REENTRY CENTER (RRC)**

On or about June 1, 2021, at approximately 7:15 a.m., the defendant failed to return as scheduled to Independence House South Federal, a residential re-entry center (RRC), which constitutes a Grade C violation of supervised release.

On December 8, 2020, jurisdiction of this case was accepted in the District of Colorado. On May 25, 2021, a Petition to Modify Conditions of Supervised Release was filed advising that the defendant had violated the conditions of supervised release by failing to submit to drug screens, submitting positive drug screens for marijuana, and admission of alcohol consumption over the past month. The defendant had also experienced recent instability in his residence and had become homeless after his sister would no longer permit him to reside with her. On the same date, an order for placement in an RRC was entered.

The defendant began placement at Independence South Federal on May 31, 2021. He was permitted to leave the facility for the purpose of employment with a scheduled return time of 7:15 a.m. on June 1, 2021.  At approximately 9:30 a.m. on this date, RRC staff advised that they were initiating absconder procedures as the defendant had not returned as scheduled and they had not had communication with the defendant since approximately 7:17 a.m.  At approximately 4:16 p.m., RRC staff advised that they were unable to locate the defendant, that the defendant had made no further contact with the facility, and they were terminating his placement.  Probation staff has also been unable to contact the defendant and his whereabouts are currently unknown.

2. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about January 21, 2021, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On February 1, 2021, during a telephone contact with the defendant, he admitted he ingested marijuana on January 21, 2021.  In response, I contacted the defendant's treatment providers and confirmed his next scheduled appointments. I encouraged the defendant to address his relapse in treatment.

3. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 17, 2021, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On February 17, 2021, the defendant submitted a drug screen at Independence House, which returned positive for cannabinoids.  On February 26, 2021, the defendant denied any additional use of marijuana.  It is noted during an office appointment with the defendant on March 25, 2021, he admitted to ingesting marijuana in February 2021 due to feelings of hopelessness.

4. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 22, 2021, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 22, 2021, the defendant submitted a drug screen at Independence House, which returned positive for cannabinoids.  During an office appointment with the defendant on March 25, 2021, he denied any use of marijuana since mid-February 2021.  On April 4, 2021, the defendant ultimately admitted he ingested marijuana in March 2021, informing he uses it when he feels like he is "spiraling out of control."  On March 1, 2021, I discussed with the defendant potential placement in a Residential

Reentry Center (RRC) for the purpose of providing him with additional structure and stability based on his self-reported state of overwhelm and noncompliance with his drug testing and treatment requirements and restitution obligation.  At that time, we determined his living situation provided a positive source of support, and he would remain there.  On April 4, 2021, RRC placement was again revisited.  The defendant was directed to address his continued use of marijuana as a coping mechanism through treatment.

5.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 6, 2021, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 6, 2021, the defendant reported to the Probation Office.  He denied any use of marijuana over the previous two months; however, he submitted a drug screen, which returned positive for cannabinoids.  On May 21, 2021, during a community contact with the defendant, he admitted to ongoing use of marijuana.  The defendant executed a waiver of hearing the same day, agreeing to placement in the RRC.

6.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 23, 2021, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 23, 2021, the defendant submitted a drug screen at Independence House, which returned positive for cannabinoids.  As noted above, the defendant admitted to ongoing marijuana use during a community contact on May 21, 2021.

7.  **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about May 31, 2021, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On May 31, 2021, the defendant commenced placement at the RRC.  His intake drug screen returned positive for cannabinoids.  On June 1, 2021, the defendant absconded from the RRC and did not have contact with the Probation Office again until June 7, 2021, when he was arrested on the instant violation matter by the United States Marshals Service.  He has since been detained, and this positive drug screen has not yet been discussed with him.

### 8. EXCESSIVE USE OF ALCOHOL

On or about April 17, 2021, the defendant used alcohol, which constitutes a Grade C violation of supervised release.

On May 17, 2021, I received a telephone call from an associate of the defendant, expressing concern the defendant had recently been consuming alcohol.  On May 21, 2021, during a community contact with the defendant, he admitted he consumed two glasses of wine on an unknown date in April 2021.  As noted above, during the May 21, 2021, community contact, the defendant agreed to placement in the RRC.

### 9. FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT

On or about March 11, 2021, the defendant terminated employment at Center for Employment Opportunities (CEO), and failed to notify the probation officer of this change within 10 days prior to change, which constitutes a Grade C violation of supervised release.

On March 18, 2021, during a telephone conversation with the defendant, I inquired why he was not at work.  He noted he secured new employment with At Your Service Moving company and advised he quit his employment with CEO the previous week.  I reviewed with the defendant his requirement to notify me at least 10 days prior to any change in employment.

### 10. FAILURE TO PAY FINE/RESTITUTION AS DIRECTED

The defendant has failed to make payments toward his restitution on February 18, 2021, and April 30, 2021, as directed by the Court/probation officer, which constitutes of Grade C violation of supervised release.

On February 11, 2021, the defendant was directed to begin paying no less than $50 monthly toward his restitution obligation with his first payment due no later than February 28, 2021.  The defendant failed to make this payment as directed.  On March 18, 2021, I discussed the defendant's failure to pay restitution as directed and instructed him to report to the Probation Office on March 25, 2021, and to bring a money order for the court-ordered restitution obligation.  At that appointment, I helped him fill out the information on the money order and provided him with further payment instructions.

In April 2021, the defendant failed to make any payment toward his restitution obligation.  During an office appointment with the defendant on May 6, 2021, at which time he met with both me and Supervisory United States Probation Officer Garret Pfalmer, we addressed his noncompliance with his restitution obligation.  It is noted the defendant did make a restitution payment in May 2021, following that appointment.

Case No. 1:20-cr-00386-RM   Document 19   filed 07/31/21   USDC Colorado   pg 5 of 6

| | | |
|---|---|---|
| Almundo Cruz Singer<br>1:20CR00386-1 | Superseding Petition Due to Violations of Supervision<br>Page 5 | July 30, 2021 |

11. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE OR MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House, the testing and treatment program in which the probation officer directed him to participate, on February 13, 2021; March 3 and 17, 2021; April 17, 2021; and May 16 and 23, 2021. This constitutes a Grade C violation of supervised release.

On December 4, 2020, pursuant to the clinical recommendation, following the defendant's participation in a dual diagnosis assessment at Independence House, the defendant was referred for weekly dual diagnosis individual treatment sessions and weekly substance abuse relapse prevention groups.

On the following dates, the defendant failed to attend substance abuse relapse prevention groups as directed: March 3 and 17, 2021; and May 16 and 23, 2021. On the following dates, the defendant failed to attend his weekly individual dual diagnosis session as directed: February 13, 2021, and April 17, 2021.  Each instance email notification of the defendant's failure to attend treatment was received from Independence House staff and each instance of noncompliance was addressed with the defendant.

12. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on November 14, 2020; February 4, 13, and 27, 2021; April 7, 14, 15, and 23, 2021; and May 26, 2021.  This constitutes a Grade C violation of supervised release.

On April 2, 2021, the defendant was enrolled in drug testing at Independence House, a contract testing and treatment provider of the Probation Office.  On November 14, 2020; February 4, 13, and 27, 2021; April 7, 14, 15, and 23, 2021; and May 26, 2021, the defendant failed to report as directed to submit a drug screen at Independence House. In each instance, I received notification via email of the noncompliance and addressed each instance with the defendant.

## RESPECTFULLY REQUESTING

That this superseding petition replace the previously submitted petition [Document 5] and that the Court consider revocation of supervision at the violation hearing based on the superseding petition.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Katrina M. Devine*
Katrina M. Devine
Senior United States Probation Officer
Place:   Denver
Date:    July 30, 2021


*s/ Garret Pfalmer*
Garret C. Pfalmer
Supervising United States Probation Officer
Place:   Denver
Date:    July 30, 2021


**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class D felony, thus the maximum sentence allowed upon revocation is two (2) years imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category I, thus the advisory guideline range for revocation is 3 to 9 months.