CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. ALMUNDO CRUZ SINGER          DKT. NO. 1:20CR00386-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Tina Parde, Senior United States Probation Officer (Sr. USPO), presenting an official report upon the conduct and attitude of defendant Almundo Cruz Singer, who was placed on supervision by the Honorable Raymond P. Moore, sitting in the United States District Court in Denver, Colorado, on August 17, 2021.  The defendant was sentenced to 9 months' imprisonment followed by 24 months of supervised release related to his original conviction for the offense of Involuntary Manslaughter, Crime in Indian Country, in violation of 18 U.S.C. §§ 1112(a) and (b), and 1153(a). This is the defendant's second term of supervised release as there has been one prior revocation (see Documents 1 and 5, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release). Supervision commenced on December 2, 2022, and is set to expire on December 1, 2024.  As noted in the judgment [Document 23], the Court ordered mandatory, special and standard conditions of supervision.  Additionally, the defendant's conditions of supervised release were modified on July 19, 2023, adding a special condition for substance abuse prevention medication [Documents 24 and 25].  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO FOLLOW INSTRUCTIONS OF THE PROBATION OFFICER**

On or about September 14, 2023, the defendant was instructed by the probation officer to report to Independence House North on September 15, 2023, and call Sr. USPO Parde at 10:00 a.m., and he failed to follow this instruction, which constitutes a Grade C violation of supervised release.

On September 14, 2023, Sr. USPO Parde had a phone conversation with the defendant and his therapist at Independence House.  It was recommended that the defendant enter into a substance abuse inpatient treatment program.  The defendant agreed he needed the help and was willing to participate in inpatient treatment.  Furthermore, the defendant signed a Waiver of Hearing agreeing to the modification of his conditions of supervised release.  The defendant was then directed to report to Independence House on September 15, 2023, at 10:00 a.m. in order to use their phone and computer.  The defendant was directed to call Sr. USPO Parde at 10:00 a.m. and the plan was to provide the defendant with information for inpatient treatment programs, so he could then use the phone at Independence House to make the phone calls to get on waitlists

Case No. 1:20-cr-00386-RM   Document 26   filed 10/05/23   USDC Colorado   pg 2 of 7

Almundo Cruz Singer  
1:20CR00386-1

Petition for Warrant of Offender Under Supervised Release.  
Page 2

October 4, 2023

and/or use their computer to fill out applications. However, the defendant failed to report as directed.

2. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about March 25, 2023, the defendant moved from his residence at Ananeo Sober Living located at 9121 East 14th Avenue in Aurora, Colorado, and failed to notify the probation officer of this change within 72 hours, which constitutes a Grade C violation of supervised release.

On March 29, 2023, Sr. USPO Parde conducted an unannounced home visit at Ananeo Sober Living located at 9121 East 14th Avenue, in Aurora, Colorado. Upon arrival we made contact with staff in the office. They informed that as of March 25, 2023, the defendant was discharged from their program, after the defendant had relapsed on alcohol and methamphetamines. Staff informed they gave the defendant two opportunities to detox but were unsuccessful. They did not have a forwarding address for the defendant, but did provide a new phone number, which Sr. USPO Parde was later able to reach the defendant, at which time he was directed to report to the Probation Office on March 31, 2023. The defendant failed to notify the Probation Office of his change in residence within 72 hours.

3. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about August 3, 2023, the defendant moved from his residence at 1680 Sherman Street, Denver, and failed to notify the probation officer of this change within 72 hours, which constitutes a Grade C violation of supervised release.

On August 17, 2023, the defendant had a telephone conversation with the defendant. During the phone call, Sr. USPO Parde, asked the defendant to confirm where he was residing. At this time, the defendant advised that "two weeks ago" he had been kicked out of the shelter he was living at, at 1680 Sherman Street in Denver and was now reportedly residing at the Denver Rescue Mission shelter in Denver. Sr. USPO Parde reminded the defendant of his obligation to report any changes in residence within 72 hours of the change (if advance notice is not possible). The defendant failed to report this change within 72 hours as directed by his conditions of supervised release.

4. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about September 23, 2023, the defendant moved from his residence at 2222 Larimer Street, Denver, and failed to notify the probation officer of this change within 72 hours, which constitutes a Grade C violation of supervised release.

On September 27, 2023, Sr USPO Parde went to the Denver Rescue Mission located at 2222 Larimer Street in Denver and made contact with staff. They informed Sr. USPO Parde that the defendant had last stayed at their facility on September 23, 2023. He

Case No. 1:20-cr-00386-RM   Document 26   filed 10/05/23   USDC Colorado   pg 3 of 7

Almundo Cruz Singer
1:20CR00386-1

Petition for Warrant of Offender Under Supervised Release.
Page 3

October 4, 2023

had not returned since that date. The defendant failed to provide Sr. USPO Parde with any information as to where he is staying within 72 hours.

5. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about July 31, 2023, the defendant terminated employment at SpeeDee Oil Change and Auto Service, and failed to notify the probation officer of this change within 72 hours, which constitutes a Grade C violation of supervised release.

On August 17, 2023, the defendant had a telephone conversation with Sr. USPO Parde. During this conversation, the defendant admitted he was no longer employed at SpeeDee Oil Change and Auto Service. The defendant reported he had quit his job "last week." Sr. USPO Parde spoke to the manager at SpeeDee Oil Change who advised the defendant's last day was approximately July 31, 2023. The defendant failed to notify United States Probation of his employment change within 72 hours, as directed by his conditions of supervised release. Since this date, the defendant has not reported obtaining any new employment.

6. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about March 30, 2023, the defendant used or administered a controlled substance, alcohol, cannabinoids and methamphetamine, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On March 30, 2023, the defendant submitted a drug screen at Independence House, which returned positive for cannabinoids. During an office visit on March 31, 2023, the defendant admitted to the use of methamphetamines, marijuana, and alcohol and signed an admission form to such. He advised he had used methamphetamines approximately one month prior. He also admitted to the use of alcohol, which commenced about three weeks prior and again on March 21, 2023. The defendant also reported he last used marijuana on March 28, 2023.

7. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about April 28, 2023, the defendant used or administered a controlled substance, methamphetamines, cannabinoids, and fentanyl, which had not been prescribed for him by a physician. This constitutes a Grade C violation of supervised release.

On April 28, 2023, during an office visit, the defendant submitted to a drug screen, which returned positive for methamphetamines, cannabinoids, and fentanyl. The defendant signed an admission form admitting to the use of marijuana and fentanyl stating, "On 4/20/23 I smoked a joint I purchased from a stranger, and it was laced with fentanyl. I overdosed and was released four (4) hours later. I also smoked a joint two days ago." However, the results of that drug screen also indicated the defendant had used methamphetamine and alcohol, which the defendant failed to report. This drug

Case No. 1:20-cr-00386-RM   Document 26   filed 10/05/23   USDC Colorado   pg 4 of 7

Almundo Cruz Singer  
1:20CR00386-1

Petition for Warrant of Offender Under Supervised Release.  
Page 4

October 4, 2023

screen was sent off to Abbott Laboratories for confirmation and subsequently confirmed positive for alcohol, methamphetamine, fentanyl, and cannabinoids.

8. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about June 21, 2023, the defendant used or administered a controlled substance, cannabinoids, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On June 21, 2023, the defendant submitted a drug screen at Independence House, which returned positive for cannabinoids.  During a home visit on June 22, 2023, the defendant admitted he had recently relapsed on alcohol; however, failed to report continued use of cannabinoids.  After receiving the results of the June 21, 2023 drug screen, Sr. USPO Parde contacted the defendant via telephone on June 30, 2023 and asked when he last used marijuana.  The defendant responded and said, "three weeks ago (approximately 6-9-23)."  The defendant had failed to report this when initially confronted on June 22, 2023.

9. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about July 19, 2023, the defendant used or administered a controlled substance, cocaine, cannabinoids, and alcohol, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On July 19, 2023, the defendant submitted a drug screen at Independence House, which returned positive for alcohol, cannabinoids, and cocaine.  During a phone call with the defendant on August 17, 2023, he admitted to the use of alcohol and marijuana indicating "It was my birthday" on July 18, 2023.  However, the defendant denied the use of cocaine.  The drug screen was sent off to Abbott Laboratories for confirmation of the cocaine and later confirmed positive.

10. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about August 17, 2023, the defendant used or administered a controlled substance, cannabinoids and fentanyl, which had not been prescribed for him by a physician.  This constitutes a Grade C violation of supervised release.

On August 17, 2023, the defendant submitted a drug screen at Independence House, which tested positive for cannabinoids and fentanyl.  During a treatment visit and phone call with the defendant on August 17, 2023, the defendant had reported he was 16 days sober and denied any use of alcohol or drugs for the past 16 days.  Therefore, the drug screen was sent off for confirmation at Abbott Laboratories and later confirmed positive for both cannabinoids and fentanyl.

Case No. 1:20-cr-00386-RM   Document 26   filed 10/05/23   USDC Colorado   pg 5 of 7

| | | |
|---|---|---|
| Almundo Cruz Singer<br>1:20CR00386-1 | Petition for Warrant of Offender Under Supervised Release.<br>Page 5 | October 4, 2023 |

## 11. FAILURE TO PAY RESTITUTION AS DIRECTED

The defendant has failed to make payments toward his restitution since he commenced supervised release on December 2, 2022, as directed by the Court/probation officer, which constitutes of Grade C violation of supervised release.

The defendant was court ordered to pay $5,873.21 in restitution. The current balance due is $5,520.74. The defendant has failed to make any payment during this term of supervised release. The defendant has been directed on multiple occasions, when he has been employed (March through July 2023), he must make restitution payments. However, the defendant has failed to make any payments since his release.

## 12. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE OR MENTAL HEALTH TREATMENT AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to keep counseling appointments at Independence House, the testing and treatment program in which the probation officer directed him to participate on March 9, 23; April 20; June 1; July 6, 20, 27; August 1, 24, 31; and September 5, 7, 14, 21, 28 2023, which constitutes a Grade C violation of supervised release.

On January 24, 2023, pursuant to the clinical recommendation, following the defendant's participation in a dual diagnosis assessment at Independence House, the defendant was referred for weekly dual diagnosis individual treatment session and weekly Trauma, Addiction and Recovery (TAR) groups. Furthermore, he was also referred to and recommended to participate in substance abuse prevention medication management.

On the following dates, the defendant failed to attend either his individual dual diagnosis counseling, weekly TAR groups, and/or his medication management appointments, which he was directed to participate in: March 9, 23; April 20; June 1; July 6, 20, 27; August 1, 24, 31; and September 5, 7, 14, 21, 28, 2023. Each instance email notification of the defendant's failure to attend treatment was received from Independence House staff.

## 13. FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER

The defendant failed to provide urine samples at Independence House, the testing and treatment program in which the probation officer directed him to participate, on January 22, 28; February 2, 6, 21; March 1, 11, 25; April 5, 7, 24; May 6, 15; June 30; July 1, 18; August 1, 15, 18; September 13, 16, 27; and October 2, 2023, which constitutes a Grade C violation of supervised release.

Case No. 1:20-cr-00386-RM   Document 26   filed 10/05/23   USDC Colorado   pg 6 of 7

| | | |
|---|---|---|
| Almundo Cruz Singer<br>1:20CR00386-1 | Petition for Warrant of Offender Under Supervised Release.<br>Page 6 | October 4, 2023 |

On January 6, 2023, the defendant was enrolled in drug testing at Independence House, a contract testing and treatment provider of the Probation Office. On January 22, 28; February 2, 6, 21; March 1, 11, 25; April 5, 7, 24; May 6, 15; June 30; July 1, 18; August 1, 15, 18; September 13, 16, 27; and October 2, 2023, the defendant failed to report as directed to submit a drug screen at Independence House. In each instance, I received notification via email of the defendant's noncompliance.

14. **FAILURE TO TAKE SUBSTANCE ABUSE PREVENTION MEDICATION AS DIRECTED**

Since August 1, 2023, the defendant has failed to ingest his prescribed substance abuse prevention medication Naltrexone daily as recommended, which constitutes a Grade C violation of supervised release.

On July 19, 2023, a Petition to Modify Conditions of Supervision [Document 24] was submitted to the Court, recommending the following conditions of supervised release be added to the defendant's terms of supervised release: "Unless medically contraindicated, the defendant shall ingest a monitored substance abuse prevention medication, as prescribed by the treatment provider. The defendant may be required to pay the cost of medication as directed by the probation officer." The Court ordered this modification on the same day [Document 25].

The defendant participated in a psychological evaluation on August 1, 2023, and he was diagnosed with Alcohol Use Disorder, Severe and prescribed Naltrexone 50mg to be taken daily. Furthermore, the defendant was scheduled for a medication follow up appointment on September 5, 2023.

During a phone call and treatment contact with the defendant on August 17, 2023, the defendant reported he was taking the Naltrexone as needed. Sr. USPO Parde discussed with the defendant the need to take the medication as prescribed and reminded him of the Court order to take the medication as prescribed. The defendant failed to attend his medication follow up on September 5, 2023.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

Case No. 1:20-cr-00386-RM   Document 26   filed 10/05/23   USDC Colorado   pg 7 of 7

Almundo Cruz Singer  
1:20CR00386-1

Petition for Warrant of Offender Under Supervised Release.  
Page 7

October 4, 2023

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/Tina Parde*
  Tina Parde
  Senior United States Probation Officer
  Place:   Denver
  Date:    October 4, 2023

*s/Shelley Seacotte*
  Shelley Seacotte
  Supervisory United States Probation Officer
  Place:   Denver
  Date:    October 4, 2023

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class D felony, thus the maximum sentence allowed upon revocation is two (2) years imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category I, thus the advisory guideline range for revocation is 3 to 9 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  Pursuant to 18 U.S.C. § 3143(a), the defendant is viewed as presenting a risk of flight and danger to the community.  The defendant is serving his second term of supervised release for Involuntary Manslaughter.  The defendant has struggled with sobriety and has been using multiple illegal drugs and alcohol throughout this term of supervised release.  The defendant's use of drugs and alcohol prevent him from obtaining stability in housing and employment.  The defendant has been provided a multitude of community resources for treatment, housing, employment, and more, but has failed to take full advantage of them, likely due to his lack of sobriety.  When the defendant is consuming alcohol, he becomes violent and engages in fights and altercations with others, which places the community at risk of harm.  In addition, he presents a risk of non-appearance based upon his willful choice to fail to report to Probation Officer as directed or report where he is residing (homeless), making it very difficult to locate him.  Attempts to get him enrolled in inpatient treatment have also failed due to his inconsistent reporting and sporadic communication with the probation officer and his outpatient therapist. Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.